# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ISGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1594 NAB |
| | ) | |
| STATE OF MISSOURI and AARON KOEPLAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a letter filed by self-represented plaintiff William Isgar, who presently resides at the Metropolitan St. Louis Psychiatric Center ("MSLPC") in St. Louis, Missouri. The Court construes the letter as a complaint brought pursuant to 42 U.S.C. § 1983 against the State of Missouri and Judge Aaron Koeplan. For the reasons discussed below, the Court will direct plaintiff to file an amended complaint, and to either pay the statutory filing fee or file a motion to proceed *in forma pauperis*.

### The Complaint

This action originated in the United States District Court for the Western District of Missouri where plaintiff filed his letter on or about November 2, 2020. ECF No. 1. On November 3, 2020, the Honorable Fernando J. Gaitan, Jr. entered an Order transferring the case to this Court on the basis of venue pursuant to 28 U.S.C. § 1391(b). ECF No. 3. The Order noted plaintiff had "not paid the filing fee or otherwise moved for leave to proceed *in forma pauperis* without the payment of court fees or costs" but declined to make any determination regarding the filing fee prior to the transfer. *Id.* at 1.

Plaintiff names as defendants the State of Missouri and Judge Aaron Koeplan of "Cabden County, Missouri."  Plaintiff alleges defendants forced him to undergo "a mental health evaluation," is "being violated / raped of the 1st Amendments" because they are preventing him from communicating with the courts, and is being forcibly medicated.  ECF No. 1 at 3.  Plaintiff does not state the relief he seeks from this Court.  Plaintiff has also submitted ten (10) pages of attachments, which consists of grievances he filed with the Missouri Department of Mental Health and documents related to a clinical determination that involuntary medication is needed as part of his treatment.  ECF No. 1-1.

## Discussion

Plaintiff presently resides at the MSLPC, which is a Forensic Psychiatric Hospital operated by the Missouri Department of Mental Health.  He asserts his placement at MSLPC is for the purpose of "a mental health evaluation to become competent and an automatic 6 months incarceration to go before tr[ia]l of in[n]ocent or guilty proceedings."  *Id.* at 3.  Based on the information provided by plaintiff, the Court finds him to be a pre-trial detainee subject to the requirements of the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. 1915(h) ("'prisoner' means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law").  *See also Ruston v. Church of Jesus Christ of Latter-Day Saints*, No. 2:06-CV-526, 2007 WL 2332393, *1 (D. Utah, Aug. 13, 2007) (holding that individuals confined for a determination of mental competency to stand trial are pretrial detainees subject to the requirements of the PLRA); *Sailee v. Anoka County*, No. 08-CV-6043, 2009 WL 57032, n. 1 (D. Minn. Jan. 7, 2009) (if a plaintiff is committed in a criminal case and has pending criminal charges in that case, then he is a prisoner subject to the PLRA); and *Banks v. Thomas*, No. 11-301-GPM, 2011 WL

1750065, *2 (S.D. Ill., May 6, 2011) (finding persons unfit to stand trial are pretrial detainees and are prisoners subject to the PLRA).

Plaintiff, as a pre-trial detainee, has neither paid the filing fee nor submitted an application to proceed without prepaying fees or costs under the PLRA. *See* 28 U.S.C. § 1915(a)(1). Additionally, plaintiff's complaint, filed as a letter to the Court, is defective because it was not drafted on a Court-provided form. *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). In consideration of plaintiff's self-represented status, the Court will permit plaintiff the opportunity to submit an amended complaint on a Court-provided form, and to either pay the filing fee or file a motion to proceed *in forma pauperis*. If plaintiff chooses to bring the instant civil action without prepayment of the filing fee, he must also "submit a certified copy of [his] trust fund account statement (or the institutional equivalent) . . . for the 6-month period immediately preceding the filing of [his] complaint. 28 U.S.C. § 1915(a)(2).

That Court further notes that, in addition to the complaint being defective because it was not drafted on a Court-provided form, plaintiff's claims are subject to dismissal as they do not appear to state a claim upon which relief may be granted. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As to defendant Judge Koeplan, "[a] judge is absolutely immune from liability if (1) the judge has subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Plaintiff does not appear to allege any actions taken by defendant Judge Koeplan that were beyond his duties as a judicial officer. Moreover, to the extent

3

plaintiff is attempting to bring an action under 42 U.S.C. § 1983 against the State of Missouri, the doctrine of sovereign immunity pursuant to the Eleventh Amendment bars him from doing so. *See Quern v. Jordan*, 440 U.S. 332, 338-39 (1979) (§ 1983 does not abrogate a state's Eleventh Amendment immunity). To the extent plaintiff seeks monetary relief in this action, "a state is not a person for purposes of a claim for money damages under § 1983." *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983").

### Instructions for Filing an Amended Complaint

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.  Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible. **In the "Caption" section of the Court-provided form, plaintiff should clearly name every party he is intending to sue.** Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough

4

room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.** If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the

"Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for plaintiff to make general allegations against all the defendants as a group.  Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order.  Plaintiff is advised that his

6

amended complaint will take the place of his original letter and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or submit an application to proceed without prepaying fees or costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs and plaintiff maintains a trust fund account or institutional equivalent at MSLPC, he shall file a certified copy of such statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of November, 2020.