## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIAM ISGAR,                          )
                                        )
          Plaintiff,                )
                                        )
         v.                       )        Case No. 4:20-CV-1594-NAB
                                        )
STATE OF MISSOURI and                   )
AARON KOEPLAN,                          )
                                        )
         Defendants.               )

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by William Isgar, a pre-trial detainee at the Metro St. Louis Psychiatric Center ("MSLPC"). For the reasons explained below, plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

On November 2, 2020, self-represented plaintiff William Isgar filed a handwritten letter with the Court. ECF No. 1. Within the letter plaintiff alleged the State of Missouri and Judge Aaron Koeplan forced him to undergo a "mental health evaluation to become competent and an automatic 6 months incarceration to go before tr[ia]l of in[n]ocent or guilty proceedings." *Id.* at 3. Plaintiff further asserted he is "being violated / raped of the 1st Amendments" because defendants are preventing him from communicating with the courts, and he is being forcibly medicated." ECF No. 1 at 3.

On November 23, 2020, the Court reviewed the letter and construed it as a complaint brought pursuant to 42 U.S.C. § 1983 against the State of Missouri and Judge Aaron Koeplan. ECF No. 6. The Court further determined plaintiff was a pre-trial detainee subject to the requirements

of the Prison Litigation Reform Act ("PLRA"). *Id.* at 2 (citing 28 U.S.C. § 1915(h) ("'prisoner' means any person incarcerated or detained in any facility who is accused of . . . violations of criminal law")). The Court ordered plaintiff to file an amended complaint on a Court-provided form pursuant to Local Rule 2.06(A), and to either pay the filing fee or submit an application to proceed without prepaying fees or costs. The Order provided plaintiff with instructions on how to properly submit an amended complaint and directed the Clerk of Court to provide plaintiff with the appropriate blank forms. *Id.* The Court further noted that in addition to the complaint being defective because it was not drafted on a Court form, plaintiff's claims were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as they did not appear to state a claim upon which relief could be granted. *Id.* at 3-4. The Court provided an analysis of why his claims against each defendant were subject to dismissal on the merits. *Id.* Plaintiff's amended pleading was due on December 23, 2020. To date, plaintiff has not filed an amended pleading or submitted an application to proceed *in forma pauperis* on Court-provided forms as directed, nor has he sought additional time to do so.

Instead of complying with the Court's Order, on December 1, 2020, plaintiff submitted a five-page handwritten document with several pages of attachments. ECF No. 7. Within the document, plaintiff asserts he "has no savings of any sorts[,] no income of any sorts[,] [and] was on social security [prior to incarceration]" and "ask[s] to move ahead with in forma pauperis permission[.]" *Id.* at 2. Plaintiff also appears to supplement his defective complaint with additional handwritten facts, a copy of an "FDA Fact Sheet" regarding experimental drugs, and a one-page state court docket sheet from 2001. The handwritten portion of the submission is difficult to decipher as it consists of disjointed and incomplete sentences.  For example, plaintiff writes defendant Judge Koeplan "has overrid[d]en fed laws which he isn[']t oathed/or suppose to be able

without con[s]ent of federal judges or proceedings. Laws such as the right to refuse treatment[.]" Plaintiff further alleges the State violated "HIPA/'Federa' FDAX 3/Fed and normal constitutional privacy laws/Patient's Bill of Right/Privacy/Ye-Ne to Bring of going all the way beyond 3 years of medical files to all the way back to 1998[.]" *Id.* at 2-3. Plaintiff also states he has been wrongfully medicated for "years" and has been subject to a "false guardi[a]nship."

For relief, plaintiff appears to seek immediate release from MSLPC and damages in the amount of 3.2 trillion dollars.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

When plaintiff initiated this action via a handwritten letter, he did not file a motion for leave to proceed *in forma pauperis* or pay the required filing fee. Consequently, the Court directed plaintiff to file such a motion on a Court form, which was provided to him, or to pay the full filing fee.  Plaintiff subsequently filed a handwritten document asserting he has no income and requested "to move ahead with in forma pauperis permission[.]" Liberally construed, plaintiff can be

understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee.

Although plaintiff has not filed a certified account statement, the Court will grant him leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-

4

51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## Discussion

### A. Failure to Comply

On November 23, 2020, the Court issued an Order directing plaintiff to file an amended complaint on a Court-provided form. The Court gave plaintiff meaningful notice of what was expected, cautioned him that the instant case would be dismissed if he failed to timely comply, and provided him with detailed instructions on how to submit an amended pleading on a Court form which was provided to him by the Clerk. Plaintiff did not comply as directed. Consequently, this action could be dismissed without prejudice due to plaintiff's failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

The Court, however, in consideration of plaintiff's self-represented status, will not dismiss this action for lack of compliance under Fed. R. Civ. P. 41(b). Instead, the Court will review plaintiff's handwritten complaint and supplement on its merits and will dismiss this action as frivolous and for failure to state a claim.

5

**B. Defendant State of Missouri**

Plaintiff complaint is frivolous against the State of Missouri because it cannot be sued pursuant to 42 U.S.C. § 1983 and it is immune from suit under the Eleventh Amendment.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Because a state is not a "person" under § 1983, it must be dismissed.

Moreover, "sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591,

6

594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated to such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Therefore, as to the State of Missouri, the Eleventh Amendment bars suit against it for both monetary and injunctive relief. No exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claim against the State of Missouri must be dismissed.

### C. Defendant Judge Aaron Koeplan

Plaintiff's complaint is also frivolous against Judge Aaron Koeplan.  "A judge is absolutely immune from liability if (1) the judge has subject matter jurisdiction, and (2) the acts complained of were judicial acts. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Although plaintiff's handwritten complaint and supplement are difficult to decipher, it appears plaintiff is alleging his disagreement with Judge Koeplan's determination to subject him to a mental health evaluation before his criminal trial to determine competency. Such a decision is within his jurisdiction and duties as a judicial officer. *See e.g.*, *Curtis v. Nichols*, No. 4:19-CV-1216-JAR, 2020 WL 418452, at *4 (E.D. Mo. Jan. 27, 2020) (finding it was within a judge's duties to find plaintiff temporarily incompetent to stand trial and place speedy trial rights on hold during the time period plaintiff was held by the Department of Mental Health).

While plaintiff also appears to claim he is being involuntarily medicated and denied access to the courts, he does not allege Judge Koeplan ordered any individual or facility to provide him with a specific medication or is preventing plaintiff from filing legal documents with any court. Personal involvement in the alleged constitutional deprivation is required to support an action under 42 U.S.C. § 1983. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under section 1983 requires a casual link to, and direct responsibility for, the deprivation of rights).

Plaintiff was previously warned by this Court that his claim against Judge Koeplan was subject to dismissal and was given the opportunity to file an amended complaint on a Court-provided form in order to clarify his allegations, but plaintiff failed to do so. Because this Court is required to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which

8

relief may be granted, 28 U.S.C. § 1915(e)(2), plaintiff's claims against Judge Koeplan must be dismissed for frivolousness and failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE