# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM ISGAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1594-NAB |
| ) | |
| STATE OF MISSOURI and ) | |
| AARON KOEPLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court upon the filing of an amended complaint by self-represented plaintiff William Isgar, a pre-trial detainee at the Metro St. Louis Psychiatric Center ("MSLPC"). For the reasons explained below, the amended complaint will be stricken from the record.

On November 2, 2020, plaintiff filed a handwritten letter with the Court. ECF No. 1. Within the letter plaintiff alleged the State of Missouri and Judge Aaron Koeplan forced him to undergo a "mental health evaluation to become competent and an automatic 6 months incarceration to go before tr[ia]l of in[n]ocent or guilty proceedings." *Id.* at 3. Plaintiff further asserted he was "violated / raped of the 1st Amendments" because defendants were preventing him from communicating with the courts, and he was being forcibly medicated. *Id*. For relief, plaintiff appeared to seek immediate release from MSLPC and damages in the amount of 3.2 trillion dollars.

On November 23, 2020, the Court reviewed the letter and construed it as a complaint brought pursuant to 42 U.S.C. § 1983 against the State of Missouri and Judge Aaron Koeplan. ECF No. 6. The Court ordered plaintiff to file an amended complaint on a Court-provided form pursuant to Local Rule 2.06(A). The Order provided plaintiff with instructions on how to properly submit

an amended complaint and directed the Clerk of Court to provide plaintiff with the appropriate blank form. *Id.* The Court further noted that in addition to the complaint being defective because it was not drafted on a Court form, the claims were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as they did not appear to state a claim upon which relief could be granted. *Id.* at 3-4. The Court provided an analysis of why his claims against each defendant were subject to dismissal on the merits. *Id.* Plaintiff's amended pleading was due on December 23, 2020.

Instead of complying with the Court's Order as directed, on December 1, 2020, plaintiff submitted a five-page handwritten document with several pages of attachments. ECF No. 7. Within the document, plaintiff appeared to supplement his defective complaint with additional handwritten facts, a copy of an "FDA Fact Sheet" regarding experimental drugs, and a one-page state court docket sheet from 2001. The handwritten portion of the submission was difficult to decipher as it mostly consisted of disjointed and incomplete sentences. For example, plaintiff wrote defendant Judge Koeplan had "overrid[d]en fed laws which he isn[']t oathed/or suppose to be able without con[s]ent of federal judges or proceedings. Laws such as the right to refuse treatment[.]" Plaintiff further alleged the State violated "HIPA/'Federa' FDAX 3/Fed and normal constitutional privacy laws/Patient's Bill of Right/Privacy/Ye-Ne to Bring of going all the way beyond 3 years of medical files to all the way back to 1998[.]" *Id.* at 2-3. Plaintiff also stated he had been wrongfully medicated for "years" and was subject to a "false guardi[a]nship."

On January 8, 2021, the Court dismissed plaintiff's complaint on the merits. ECF Nos. 9, 10. First, the Court found plaintiff's complaint was frivolous against the State of Missouri because a state cannot be sued pursuant to 42 U.S.C. § 1983 and it is immune from suit under the Eleventh Amendment. Second, the Court found plaintiff's complaint was frivolous against Judge Aaron Koeplan because it was within his judicial duties to order a mental health evaluation to determine

plaintiff's competency to stand trial and, as a result, Judge Koeplan was absolutely immune from liability. As to plaintiff's claims that he was being involuntarily medicated and denied access to the courts, such claims were also dismissed because he failed to allege that Judge Koeplan ordered any individual or facility to provide him with a specific medication or was preventing plaintiff from filing legal documents with any court.

On February 2, 2021, one month after plaintiff's complaint was dismissed and this case was closed, plaintiff filed the instant amended complaint on a Court-provided form. ECF No. 12. The amended complaint is not accompanied with an appropriate motion for leave. The caption of the complaint lists the case number of this closed matter, "4:20-CV-1594-NAB," and names three defendants: State of Missouri, "2 Camden County Sheriffs," and Camden County. The "Statement of Claim" section of the form complaint is difficult to decipher as many of the words are illegible, however, plaintiff appears to assert he was falsely arrested in Camden County. Plaintiff's complaint can be understood to assert new claims against the defendants, which are entirely unrelated to the claims in his original complaint in this closed case. Any new legal claims that plaintiff wishes to assert regarding an alleged false arrest must be made in a new § 1983 complaint. Filing an amended complaint in this closed action for the purpose of alleging new claims against new defendants is not appropriate. As such, the amended complaint filed in this action will be stricken. Plaintiff may, if he wishes, file a new Civil Rights Complaint on a Court-provided form. If plaintiff chooses to do so, he is advised not include a case number on the caption portion of the form complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint [ECF No. 12] filed in this closed matter is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a blank "Prisoner Civil Rights Complaint under 42 U.S.C. § 1983" form.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2021.